UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHARI MCBRIDE | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC. | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Shari McBride, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Shari McBride (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains a primary place of business in this district.

## III. PARTIES

4. Plaintiff, Shari McBride, is an adult natural person residing at 406 Senova Drive, San Antonio, TX 78216. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Accounts Receivable Management, Inc. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Texas and the State of New Jersey, with a principal place of business located at 155 Mid Atlantic Parkway, Thorofare, NJ 08086.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.     Beginning in May 2010, Plaintiff has experienced a series of harassing and unwarranted phone calls from the Defendant.

8.     Defendant places automated calls to the Plaintiff on a daily basis in an effort to speak with Staci Hunick.

9.     Plaintiff has kindly returned the Defendant's calls on numerous occasions and informed them that Staci Hunick cannot be reached at the number they are trying to reach her.

10.     Plaintiff has been told multiple times by agents of the Defendant that her number would be placed on the "Do Not Call" list.

11.     Despite the assurance that the calls would cease due to being placed on the "Do Not Call" list, Plaintiff is continually disturbed by the relentless nature of the calls while caring for her sick, elderly parents.

12.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

13.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

14.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

16. The above paragraphs are hereby incorporated herein by reference.

17. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692b(3): Contact of Third Party: Contacted a person more than once, unless requested to do so
>
> § 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00am or after 9:00pm
>
> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in her favor and against Accounts Receivable Management, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: June 28, 2010

BY: */s/ Bruce K. Warren*
Brent F. Vullings, Esquire

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff