UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (Camden)

| SHARI MCBRIDE | Civil Action No. |
|---|---|
| Plaintiff, | 1:10-cv-03292-JHR-AMD |
| vs. | |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC. | |
| Defendant. | |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES BY ACCOUNTS RECEIVABLE MANAGEMENT, INC.

NOW COMES Defendant, Accounts Receivable Management, Inc. ("ARM"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and in answer to the Complaint of Plaintiff, Shari McBride, respectfully avers:

### I.   ANSWER TO INTRODUCTORY STATEMENT

1. Admitted in part and denied in part. ARM admits, upon information and belief, that Plaintiff, Shari McBride, is an adult natural person who has brought this action seeking actual and statutory damages and other relief alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* but denies any liability or wrongful conduct to the extent alleged in this paragraph and demand strict proof of same. The remaining allegations in this paragraph are conclusions of law which are denied. ARM refers all questions of law to the Court.

## II.  ANSWER TO JURISDICTION

2. Denied. The allegations contained in paragraph 2 call for determinations of law and are denied as such. ARM refers all questions of law to the Court.

3. Admitted. ARM admits that it maintains its offices in this District.

## III.  ANSWER TO PARTIES

4. Admitted in part and denied in part. ARM admits, upon information and belief, that Plaintiff is an adult natural person who resides in San Antonio, Texas at the address set out in this paragraph. ARM denies the remaining allegations contained in this paragraph as they call for determinations of law and are denied as such. ARM refers all questions of law to the Court.

5. Admitted in part and denied in part. ARM admits that it is a corporation that engages in the collection of valid and delinquent debts and that it maintains its principal place of business at the address set forth in this paragraph. ARM admits to doing business in the State of New Jersey but denies doing business in the State of Texas except exclusively through means of interstate commerce. Unless otherwise admitted, ARM denies the allegations contained in this paragraph.

6. Admitted in part and denied in part. ARM admits that, at times, it utilizes the telephone and mail to collect on delinquent debts owed to third

parties.  ARM denies the remaining allegations in this paragraph as they call for determinations of law and are denied as such.  ARM refers all questions of law to the Court.

### IV. ANSWER TO FACTUAL ALLEGATIONS

7. Denied.  ARM denies the allegations in this paragraph and leaves Plaintiff to her proofs.

8. Denied.  ARM has no record of calling Plaintiff with respect to a debt obligation owed by a third party identified in this paragraph.

9. Denied.  ARM denies that Plaintiff returned ARM's calls at any time.  A factual basis of Plaintiff's allegations contained in this paragraph is demanded of Plaintiff.

10. Denied.  ARM denies that Plaintiff contacted ARM at any time and leaves Plaintiff to her proofs.

11. Denied.  ARM denies that Plaintiff contacted ARM at any time and, therefore, denies that the conduct of ARM resulted in any harm to Plaintiff.  ARM lacks sufficient information or belief as to the truth or falsity of the remaining allegations and denies these allegations.

12. Denied.  ARM denies that its conduct was or could be construed as false, deceptive, misleading or unfair and denies that it engaged in any threatening conduct, conduct that it did not intend or that it talked to Plaintiff, let alone tried to coerce Plaintiff to pay a debt.  A factual basis for the allegations contained in this paragraph is demanded of Plaintiff.

13. Denied. ARM denies that it violated the FDCPA and, therefore, denies the allegations in this paragraph. A factual basis for the allegations contained in the paragraph is demanded of Plaintiff.

14. Admitted in part and denied in part. ARM admits that when its employees are acting within the scope of their employment that they are under the direct supervision and control of ARM. Unless otherwise admitted, ARM denies the allegations of this paragraph and leaves Plaintiff to her proofs.

15. Denied. ARM denies that its conduct or the conduct of its employees was or could be construed as malicious, intentional, willful, reckless or negligent and denies that it acted in wanton disregard for federal or state law and the rights of Plaintiff regarding the valid and delinquent debt obligation. A factual basis for the conclusory allegations contained in this paragraph is demanded of Plaintiff.

## ANSWER TO COUNT I – FDCPA

16. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required, ARM incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 15 as though fully set forth herein.

17. Admitted in part and denied in part. ARM admits this is was attempting to collect on a valid and delinquent debt obligation with T-Mobile. ARM lacks sufficient information or belief as to the truth of whether the valid

and delinquent debt obligation at issue in this matter was incurred primarily for personal, family or household purposes and a factual basis for these allegations is demanded of Plaintiff. The remaining allegations of this paragraph call for determinations of law and are denied as such. ARM refers all questions of law to the Court.

18. Denied. The allegations contained in this paragraph and its subparts are conclusions of law and are denied as such. ARM refers all questions of law to the Court.

## ANSWER TO JURY DEMAND

Admitted in part and denied in part. ARM admits that Plaintiff demands a jury trial as to all issues in her Complaint. ARM denies that Plaintiff has the right to a jury trial in the absence of viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the FDCPA, which ARM denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff suffered no damage from the alleged violations by ARM and therefore is not entitled to any award of damages, attorney's fees or costs.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ARM denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of ARM.

### FIFTH AFFIRMATIVE DEFENSE

Any violation of the law of damage suffered by Plaintiff, which ARM denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against ARM.

### SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is adequately able to plead a violation of the FDCPA as to ARM, Plaintiff's entitlement to statutory damages is <u>capped</u> at $1,000.00 per action.  See <u>Goodman v. People's Bank, et al.</u>, 209 Fed. Appx. 111 (3d Cir. 2006); <u>Brown v. Law Offices of Butterfield</u>, 2004 U.S. Dist. LEXIS 9822, *16 n. 8, Civil Action No. 03-CV-05850 (E.D. Pa., May 24, 2004); <u>Dowling v. Kucker Kraus & Bruh, LLP</u>, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); <u>Mann v. Acclaim Fin. Servs.</u>, 348 F. Supp. 2d 923, 926 (S.D. Ohio 2004);  See also <u>Ganske v. Checkrite, Ltd.</u>, 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997); <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F.3d 647, 650-51 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961

F.2d 1561, 1563 (11th Cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188, 191 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61, 69 (E.D.N.Y. 1994): Beattie v. D.M. Collections, Inc., 764 F. Supp. 925, 928 (D.Del. 1991); Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D. Or. 1981).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue a claim premised on 15 U.S.C. §1692b.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, Allied demand that Plaintiff, within ten (10) days, furnish ARM with a written statement detailing the amount of damages claimed as to ARM, including, but not limited to, all concrete damages in the form of out-of-pocket expenses and pecuniary loss, as asserted in the Complaint, and the methodology in assessing such actual damages.

## CERTIFICATION

PURSUANT TO R. 4:5-1, I hereby certify that I am unaware of other pending actions relevant to the instant Complaint.  It is not currently known whether other parties should be joined.

WHEREFORE, Defendant, Accounts Receivable Management, Inc., respectfully requests this Honorable Court to enter a judgment in its favor

dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

            Respectfully submitted,

            MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

By:   /s/ Andrew M. Schwartz / ams79427
      ANDREW M. SCHWARTZ, ESQUIRE
      1845 Walnut Street, 17th Floor
      Philadelphia, PA 19103
      (215) 575-2765 / (215) 575-0856 (f)
      amschwartz@mdwcg.com
      Attorneys for Defendant
      Accounts Receivable Management, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (Camden)

| | |
|---|---|
| SHARI MCBRIDE<br><br>    Plaintiff,<br>vs.<br><br>ACCOUNTS RECEIVABLE<br>MANAGEMENT, INC.<br><br><br>    Defendant. | Civil Action No.<br><br>1:10-cv-03292-JHR-AMD |

## CERTIFICATE OF SERVICE

I, Andrew M. Schwartz, Esquire, do hereby certify that a true and correct copy of Defendant, Accounts Receivable Management, Inc.'s Answer to Plaintiff's Complaint with Affirmative Defenses was filed and served upon counsel of record by ECF on <u>August 2, 2010</u>.

By: <u>  /s/*Andrew M. Schwartz*  </u>
ANDREW M. SCHWARTZ, ESQUIRE
Attorneys for Defendant
ARM Associates, Inc.